**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 85878-5-I |
| Respondent, | |
| v. | DIVISION ONE |
| LONNIE L. BURTON, | UNPUBLISHED OPINION |
| Appellant. | |

FELDMAN, J. — Thomas Allen Zyxx, formerly known as Lonnie Burton,[1] appeals the trial court's ruling denying his request to waive interest on restitution. Because Zyxx failed to preserve the argument he now raises on appeal, we do not address it, and we affirm.

In 1994, a jury found Zyxx guilty of rape, robbery, and burglary, all in the first degree. As part of its sentence, the trial court ordered Zyxx to pay $1,132.80 as restitution to the Crime Victims Compensation Fund, various non-restitution legal financial obligations (LFOs) such as the Victim Penalty Assessment, and interest on these financial obligations. With one exception, not relevant here, we affirmed the

---

[1] Zyxx changed his name from Lonnie Lee Burton to Thomas Allen Zyxx in June 2024.

judgment and sentence in an unpublished opinion. *State v. Burton*, noted at 86 Wn. App. 1046 (1997).[2]

The central focus of this appeal is Zyxx's subsequent request for waiver of interest on restitution under RCW 10.82.090(3)(b). In 2022, the legislature amended RCW 10.82.090 to give superior courts discretion to waive such interest. LAWS OF 2022, ch. 260, § 12. Subsection (3)(b) now provides:

> The court may waive or reduce interest on the restitution portion of the legal financial obligations only if the principal has been paid in full, except as provided in (c) of this subsection. The court may grant the motion, establish a payment schedule, and retain jurisdiction over the offender for purposes of reviewing and revising the reduction or waiver of interest . . . .

RCW 10.82.090(3)(b). Subsection (3)(c), referenced above, relates to waiver or reduction of restitution interest *after* an offender has been released from total confinement. That subsection is not relevant here, as Zyxx has not yet been released from confinement.

Following the effective date of the amended statute, Zyxx filed a petition in the trial court requesting waiver of both the non-restitution LFOs and interest on restitution. The section of his petition requesting waiver of restitution interest stated, "I have paid the principal of my restitution in full. All that remains of my restitution obligation is interest. I ask that the court waive or reduce the remaining interest on my restitution as an incentive for me to pay my remaining LFOs." The trial court granted Zyxx's petition in part: it waived all remaining LFOs but denied the request to waive restitution interest. In support of its ruling denying waiver of restitution interest, the court stated it "does not have discretion to waive said interest."

---

[2] Our prior opinion sets forth in detail the facts regarding Zyxx's crimes and corresponding conviction. *Id.* at *1-2. Here, we recite only those facts directly relevant to our analysis.

Zyxx filed a timely motion for reconsideration in which he explained that RCW 10.82.090(3)(b) now gives trial courts discretion to waive restitution interest after the principal has been paid in full. Because the trial court's previous order had waived all of Zyxx's LFOs, Zyxx could no longer argue (as he had previously) the court should "waive or reduce the remaining interest on my restitution as an incentive for me to pay my remaining LFOs." Instead, Zyxx's motion asserted another reason to waive restitution interest: he "has more than paid his restitution principal in full" and "restitution was the only LFO [Zyxx] was to pay." The trial court denied the motion. While the court agreed it had discretion to waive restitution interest under RCW 10.82.090(3)(b), it declined to do so "due to the nature of the crimes committed and the fact that Defendant is still, 30 years later, attempting to avoid responsibility for the crimes he committed." This timely appeal followed.

Zyxx now asserts the trial court should have exercised its discretion to waive restitution interest based on several other factors. Because RCW 10.82.090(3) does not, itself, provide any guidance on how a trial court should exercise its discretion to waive or reduce restitution interest, Zyxx argues such discretion "must be based on the purpose of the statute," which he claims "is to remove barriers to rehabilitation by making relief available to any person who has paid the restitution principal but cannot pay all the interest." Zyxx also asserts "the factors set out in subsection (2) of the statute, although not set out in subsection (3), are instructive." Subsection (2) authorizes trial courts to decline to impose restitution interest at sentencing as follows:

> The court may elect not to impose interest on any restitution the court orders. Before determining not to impose interest on restitution, the court shall inquire into and consider the following factors: (a) Whether the offender is indigent as defined in RCW 10.01.160(3) or general

rule 34; (b) the offender's available funds, as defined in RCW 10.101.010(2), and other liabilities including child support and other legal financial obligations; (c) whether the offender is homeless; and (d) whether the offender is mentally ill, as defined in RCW 71.24.025. The court shall also consider the victim's input, if any, as it relates to any financial hardship caused to the victim if interest is not imposed. The court may also consider any other information that the court believes, in the interest of justice, relates to not imposing interest on restitution. After consideration of these factors, the court may waive the imposition of restitution interest.

RCW 10.82.090(2). The trial court erred, Zyxx avers, by failing to grant his motion to waive restitution interest based on the above factors.

Because Zyxx failed to preserve this argument, we do not address it. "Under RAP 2.5(a), we may refuse to consider arguments raised for the first time on appeal." *State v. Avington*, 23 Wn. App. 2d 847, 859 n.6, 517 P.3d 527 (2022), *aff'd*, 536 P.3d 161 (Wash. 2023). In *Avington*, Avington objected to the trial court's decision to decline a first degree manslaughter instruction but did not specifically argue he was entitled to the instruction because he recklessly used more force than necessary to defend himself. *Id.* Noting that "[t]his specific argument is raised for the first time on appeal," we declined to consider it. *Id.* Here too, Zyxx never argued in the trial court that it should waive interest on restitution based on the claimed purpose of RCW 10.82.090(3)(b), nor did he argue that the trial court should examine the numerous factors in RCW 10.82.090(2). Consequently, the court did not address Zyxx's legal argument, nor did it assess all of the factors Zyxx now claims are relevant to a trial court's analysis regarding waiver of restitution interest. As in *Avington*, we decline to consider this argument for the first time on appeal.[3]

---

[3] We have permitted parties to raise issues for the first time on appeal under certain exceptions to RAP 2.5(a) where the claimed error is (1) lack of trial court jurisdiction; (2) failure to establish facts upon which relief can be granted; or (3) manifest error affecting a constitutional right. Zyxx does not assert any of these exceptions apply here.

4

In response to the State's waiver argument, Zyxx asserts "this Court has discretion to address new arguments" and we should exercise this discretion because "The arguments are well presented. And judicial economy favors resolution now." Reply at 5. But even if we were inclined to address Zyxx's new argument for these reasons, we are unable to do so because it turns on numerous factors—listed above—and the record is insufficiently developed to evaluate its merits. *See State v. WWJ Corp.*, 138 Wn.2d 595, 603, 980 P.2d 1257 (1999) (declining to consider excessive fines claim because "the record is insufficiently developed to evaluate its merits"). Nor did the State have any reason to investigate and address these factors in the trial court because they were not advanced by Zyxx below. If Zyxx files another motion for waiver of restitution interest in the trial court, as he claims he will, the court can decide whether to grant or deny the motion based on complete briefing and a fully developed record. The trial court's ruling could then be reviewed on appeal should either party properly seek such review. The current record does not permit us to do so.

Affirmed.

Feldman, J.

WE CONCUR:

Díaz, J.

Mann, J.